# In the United States Court of Federal Claims

| | |
|---|---|
| JEFFERSON KASTER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 19-1492<br>(Filed: October 26, 2026) |

John Bennett Wells, Law Office of John B. Wells, Slidell, LA, for Plaintiff.

Natalee A. Allenbaugh, Civil Division, U.S. Department of Justice, Washington, DC, with whom were Steven J. Gillingham, Patricia M. McCarthy, and Brett A. Shumate, for Defendant, and Andrew Sayer, Office of the Judge Advocate General, Department of the Navy, Washington, DC, of Counsel.

## ORDER

**KAPLAN, Judge.**

On September 17, 2026, this Court issued an Order directing the plaintiff, Marine Corps Colonel Jefferson Kaster, to show cause why this case should not be dismissed and final judgment entered given that all three causes of action set forth in his second amended complaint have now been resolved. See ECF No. 98. The Court acknowledged that Col. Kaster continues to have objections to the methodology the Defense Financial Accounting Service ("DFAS") used to calculate the amount of Combat Related Special Compensation ("CRSC") to which he is entitled. Id. at 1 (citing ECF No. 96 at 3; ECF No. 97 at 2). It opined, however, that those objections would be most appropriately and efficiently handled through the appropriate administrative process for appealing DFAS determinations regarding CRSC, which the Court understands to be the CRSC Board or the Defense Office of Hearings and Appeals ("DOHA"), Claims Division.

In his response to the show cause order, Col. Kaster asserts that the Court has not yet adjudicated all of the claims in his second amended complaint, ECF No. 55. This contention lacks merit. As noted, the second amended complaint contains three causes of action. In the complaint, Col. Kaster expressly acknowledges that the Court had already resolved the second and third causes of action and that they were included in the second amended complaint "solely for the purpose of protecting the issue for potential appeal." ECF No. 55 ¶¶ 109, 114.

Col. Kaster's first cause of action concerned the effective date for his receipt of CRSC. That issue was ultimately resolved in Col. Kaster's favor as a result of an intervening decision by the United States Supreme Court in Soto v. United States, 605 U.S. 360 (2025), which held that the Barring Act's six-year statute of limitations does not apply to CRSC claims. On May 19, 2026, DFAS paid Col. Kaster the additional amounts of CRSC it calculated he was owed in light of Soto for the period between November 2013 to May 2026. See ECF No. 100 at 2.

The Court finds unpersuasive Col. Kaster's contention that paragraph 132 of the second amended complaint kept his third cause of action alive (or, more accurately, revived it). Paragraph 132 asserts that "[t]he PEB/CORB failed to correct Plaintiff's disability rating from 50% to 70% from June 2017 to May 2018." ECF No. 55. The second amended complaint states at paragraph 114 that "¶ 132 was added to reflect the failure to correct the rating percentage which was inadvertently left out of the First Amended Complaint." Id. But as expressly noted in paragraph 114, the Court had already ruled on the third cause of action by the time Col. Kaster filed his second amended complaint. Id.; see also ECF No. 46 at 13 n.6 (declining to consider Col. Kaster's claim regarding his disability rating because it was not raised in his first amended complaint or his opening brief on the parties' first round of cross-motions for judgment on the administrative record). And neither the government nor Col. Kaster addressed a claim regarding his disability rating in the most recent round of cross-motions for judgment on the administrative record. See ECF Nos. 57, 65. To the extent, therefore, that the claim is not moot, it has been waived for failure to develop or pursue it.

## CONCLUSION

Based on the foregoing, the Clerk is directed to enter final judgment for the government. The parties' cross-motions for judgment on the administrative record, ECF Nos. 57 and 65, are **DENIED** as moot.

To the extent that Col. Kaster disputes DFAS's calculation of the amount of CRSC he is owed, he may pursue that dispute in the first instance before DOHA, the CRSC Board, or any other administrative process maintained by the government for that purpose.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge